TRULINCS 23585058 - NOEL, BRYAN KEITH - Unit: ELK-E-A

--------

FILED
APR 27 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

JUDGE GWIN

BRYAN NOEL,

. . . . . . . . . . . . . . . . Petitioner,

Case No: 4:20CV00904

vs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MARK WILLIAMS, WARDEN OF FCI - ELKTON
AND MICHAEL CARVAJAL, FEDERAL BUREAU
OF PRISONS DIRECTOR, ACTING IN THEIR
OFFICIAL CAPACITIES,

. . . . . . . . . . . . . . IMMEDIATE RELIEF SOUGHT

MAG. JUDGE PARKER

. . . . . . . . . . . . . . . . . Respondents.

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM (CODIFIED AS 28 U.S.C. SECTIONS 1651 & 2241) IN ACCORD WITH THE PROVISIONS OF THE CARES ACT; THE FIRST STEP ACT; 18 U.S.C. SECTION 3264; 34 U.S.C. SECTION 60541(g); AND THE EIGHTH AMENDMENT AMIDST THE GLOBAL PANDEMIC KNOWN AS COVID-19.

---

COMES NOW, Bryan Noel, hereinafter "Noel," and MOVES this Court to GRANT emergency habeas corpus relief utilizing its plenipotentiary powers with the use of medico-legal determination, to-wit: that this Court enter its ORDER requiring the Bureau of Prisons to calculate and utilize all previously awarded good time credit ("GTC") towards the BOP's recently announced requirements of the CARES ACT in accord with 18 U.S.C. ss. 3264(a) & (b). Noel now raises his claims not only under Congressional intent and Supreme Court authority but also under the spirit of equity, good faith, and strong conscience. Further, Noel has exhausted his administrative remedies when staff members denied him the chance to secure the appropriate paperwork upon request.

The newest BOP requirement for the CARES ACT consideration requires that an inmate serve 50% of his full term sentence assumes that inmates will never earn a single GTC whether they have vested GTC's or not. This requirement is contrary to both statute and Supreme Court authority. At bar, the matter revolves around what constitutes a term of imprisonment and a release date as described in statute, i.e. 18 U.S.C. ss. 3624. "Prisoner's sentenced under federal law receive 15% of their time off if they follow prison rules. See 18 U.S.C. section 3624(b); Barber v. Thomas, 560 U.S. 474, 130 (2010). In fact, 18 U.S.C. section 3624(a) specifies that "date of release" is the date of expiration of a prisoner's term of imprisonment, less any time credited towards the service of the prisoner's sentence as provided in ss. 3624(b). See also C.F.R. ss. 523.20. Here good-time is not only discussed but the term "vested "enters the equation implying both due process and substantial liberty interest. The Circuits are unanimous in their opinions in this area law. As such, Noel relies on the "equal protection of the law" guarantees in that to calculate and release. All other inmates through history, by and through the use of earned GTC's (BRAVO), have utilized such, but to deny the use or implementation of GTC's at such a quintessential moment in history creates separate classes of persons, e.g., those who received the benefits of good behavior and those who are denied a substantial liberty interest in GTC's. [Ref. Affidavit of Bryan Noel]. *1* See also foot note 1

Stated plainly, the new rule announced by the BOP as of 4/22/2020 is not only contrary to law and normal operating procedures ---- it is both arbitrary and capricious while violating what had been deemed "reasonable and customary". In a nutshell, the BOP's rule allows the BOP to now remove the use of all "earned GTC" without the due process of law. Normally, all calculations regarding GTC's start with Grand Prairie's BRAVO analysis which awards projected "GTC's" for purposes of custody classification. In other words, the GTC's are to be earned and cannot be lost absent a change in law or within a disciplinary hearing. Because earned good-time credits can be removed only in prescribed circumstances, there is a liberty interest --- and thus due process protections --- for those credits. See Wolff v.. McDonnell, 418 U.S. 539, (1974). Accordingly, "earned time credits" are utilized in the calculation of or an anticipated sentence of 85% and not against the full term of sentence. In fact, it is this "anticipated release" calculation that drives all other policies and procedures within the BOP in

TRULINCS 23585058 - NOEL, BRYAN KEITH - Unit: ELK-E-A (PAGE 2 of 3)

accord with 18 U.S.C. ss. 3624. Most imperatively, ss. 3624 tells when good-time is "vested". With good-time being vested, there can be no doubt that such credits must be calculated in accord with the CARES ACT or any other pending or future relief, regardless of the term of imprisonment definition. [Ref. The Emergency Home Confinement Act or the Pandemic Act]. * FN 2

    Next, the BOP credits GTC's as they are "earned" based upon each successful year of incident free conduct. Noel presently has 540 GTC's banked with another 63 yet to be awarded by Grand Prairie via the FIRST STEP ACT. It is here that Noel lays a claim to "protected liberty interest" as the 540 GTC's and the 63 FIRST STEP ACT days (which represent a full 54 days per year). "Good time credits are statutorily liberty interest once they have been awarded." See Wolff v. McDonnell, 468 U.S. 539 (1974). Stated plainly, to manipulate or play with the GTC's at this point in time is akin to playing Russian Roulette with Noel's life amidst a virtual petri dish of COVID-19. Earned GTC's as a required coefficient are considered when determining release dates of a prisoner sentenced to a term of years.

    For purposes of calculation, Noel has served 131 months with 540 vested GTC's (18 months earned) that equates to 149 months. If the BOP awards the outstanding 63 GTC's pursuant to the FIRST STEP ACT, this will result in another 2 months credit resulting in 151 months served (representative of 50%) that immediately qualifies Noel for home confinement. Noel maintains an offense code of "156" (18:1344 Bank Fraud); is not a sex offender; never committed a crime of violence or terrorism; and been scored a "minimum" in accord with PATTERN and BRAVO with a mental health score of less than IV. Further, Noel is a U.S. Citizen with a demonstrated viable home confinement plan. Noel has a family and other loved ones that desperately need their father right now.

    If awarded his "earned good time credits" it could literally mean the difference between life and death amidst COVID-19. No one knows when the virus will abate or if it will return like the Spanish influenza. Alternatively, Noel has also earned another 47 GTC's as of the time of this writing that will be credited in one month and 9 days of this writing in the full form of another 54 days of good conduct. If such days are considered now, the Noel meets all BOP criteria for home confinement as authorized by William Barr's memos as the 54 days equate to another 2 months to be applied towards his term of imprisonment.

    The CARES ACT was passed to not only to stimulate the economy --- it was passed to save lives. FCI- Elkton has been declared an emergency hot spot. At the time of this writing, the local media reports 48 staff members infected with COVID- 19; 51 confirmed infected inmates ---- although the government has admitted to a likely 207 cases within the class action suit of ACLU v. Mark Williams, et. al.; 18 inmates on ventilators; and 6 deaths. To make matters worse, recent medical reports now state that COVID-19 can cause strokes in people in their thirties and forties or even blood clots. COVID-19 represents the most serious threat to health where there simply is no room for any kind of trickery with numbers or arbitrary and capricious decisions rendered by those that are literally charged with a "duty of care standard."

    The tragic results of COVID-19 are ipso facto where in actuality no one knows what the lingering effects may be or that once this matter is resolved if the corona virus (COVID-19) will return. As the federal government has adopted the Center for Disease Control's ("CDC") guidelines to practicing social distancing of a minimum of 6 feet this places a strict requirement on FCI-Elkton which cannot meet these standards which are now part of the Federal Guidelines. Presently, practicing social distancing is impossible for Noel as he is housed in an open dorm with 160 other similarly situated individuals who are forced to share four phones, 4 computers, 4 phones, 4 washing machines, six toilets, one ice machine, and twelve showers.

    Social distancing cannot be practiced as Noel shares a cubical with another similar situated individual while other inmates are housed with two others. Herein lies the rub; with COVID-19 traveling up to 13 feet by way of sneeze or cough, it is virtually impossible to be safe at any spot within the unit dormitory. To make matters worse, ABC News reported that sneezes and coughs may be suspended in the ambient air for up to three hours. Simply put, there is no where to run - no where to hide, as the BOP has failed to issue N-95 masks or to provide alcohol or Clorox based cleaning materials. Sanitization is a key concern because 160 inmates share a bathroom without soap dispensers. See Exhibit "A" - Declaration of Bryan Noel. Does COVID-19 now live in the mold readily seen in the vents and ceilings awaiting its return at FCI-Elkton? No one knows, but we do know that COVID-19 kills and mames.

    Sanitation is a major concern within the laundry room as inmates with colostomy bags, acquired immune deficiency ("AIDS"), and other various health concerns utilize the very same washing machines that are never cleaned and sanitized. In fact, there is no access to hot water within the unit laundry facility. Stated plainly, and due to the lock-down, there is no way to properly wash clothes.

    For purposes of illustration, one only has to imagine --- while setting in the safety and relevant quarantine of home -- multiple infected COVID-19 individuals entering that sanctuary and locking the doors and windows. Then, imagine these very same COVID-19 individuals using your shower, toilet, and washing machines where you could not use Clorox or alcohol to disinfect the same sanctuary. Such a situation is horrifying, dangerous (if not dire), and shocking to the conscience. This is precisely the situation that Noel is now living in. Is it a prisoner's plight ---if not sentenced to death --- to have to face such odds amongst unsanitary conditions? Not when the CARES ACT provides for relief where Noel meets all the requirements. Without this

TRULINCS 23585058 - NOEL, BRYAN KEITH - Unit: ELK-E-A (PAGE 3 of 3)

---

Court's expedient assistance, a very real window of earned opportunity may be snatched away without due process considerations.

With this said, Noel's focus is upon the inequitable calculation of what constitutes a 50% percent sentence. In a nutshell, for the BOP to deny Noel the use of his "earned GTC's" not only violates his substantial liberty interest, it also could mean a death sentence or serious physical impairment as COVID-19 is indiscriminate and deadly. Noel has attempted to exhaust his remedies but is presently denied as staff are sequestered performing duties ordered by Judge Gwin where he was denied administrative paperwork. Thus, exhaustion is futile and does not protect Noel's substantial liberty interest and may be excused. Exhaustion should be excused here not only for staff's denial of administrative paperwork but for the pending issue with COVID-19. See Risher v. Lappin, 639 F. 3d 236 (6th Cir. 2011). Simply stated, 18 U.S.C. 3624 compels a different result than the rule that the BOP announced on 4/22/2020. 3624 compels the BOP to count "vested earned good-time credits" in any calculation as the Courts across the country have routinely decided. In all, the inequitable 50% calculation the BOP has announced amidst the COVID-19 conditions constitutes cruel and unusual punishment in violation of the Eighth Amendment's prohibition against such.

WHEREAS AND FOR GOOD CAUSE, Noel PRAYS that this Court enter its ORDER and judgment declaring that all (inclusive of FIRST STEP ACT) "earned GTC's" must be applied to any calculation regarding eligibility for the CARES ACT or any remedy fashioned through Congress, The BOP or the Court's. Noel PRAYS this court enter an injunctive order requiring the aforestated along with any other equitable deemed either necessary or appropriate. Further, Noel additionally petitions this Court to enter its judgment in the form of declaratory relief for the benefit of other similarly situated persons as good cause exist in the now and future spirit of judicial economy as these questions of law are sure to rise again during this pandemic.

Dated the 23rd, 2020.

Respectfully submitted,

*Bryan Noel* (signature)

Bryan Noel, Petitioner
Registration No: 23585-058
FCI-Elkton
P.O. Box 10, Lisbon Ohio 44432

---

Footnote 1

Alternatively, a sentence of 300 months equates to 255 months to be served where Noel has served 131 months. This equates to a 53% time served calculation. This represents the common analysis utilized within the BOP which represents a "net to net" analysis.

Footnote 2

Noel proceeds under the vested rights doctrine with vested having a definition of: Having becoming a consummated right; unconditional; absolute or to confer power or an absolute right.